IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| JEFFREY & BELINDA GAITES, | ) | |
| | ) | CASE NO. BK05-41242 |
| Debtor(s). | ) | A05-4075 |
| LOGAN COUNTY COOPERATIVE OIL ASSOCIATION, | ) ) | |
| | ) | |
| Plaintiff, | ) | CH. 12 |
| | ) | |
| vs. | ) | |
| | ) | |
| JEFFREY SCOTT GAITES; BELINDA L. GAITES; and BANK OF STAPLETON, a Nebraska banking corporation, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM

This matter is before the court on defendant Bank of Stapleton's motion for partial summary judgment (Fil. #46) and resistance by the plaintiff (Fil. #77). Allen Fugate represents the bank, and George Vinton represents the plaintiff. The motion was taken under advisement as submitted without oral arguments. This memorandum contains findings of fact and conclusions of law required by Federal Rule of Bankruptcy Procedure 7052 and Federal Rule of Civil Procedure 52. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(K).

The motion will be denied.

Logan County Cooperative Oil Association ("the co-op") filed this adversary proceeding to determine the dischargeability of a debt and to determine the validity, extent, and priority of its liens and the liens of the Bank of Stapleton. Specifically, the co-op alleges, the debtors used some of their input financing from the co-op to pay down or pay off debts to the bank. The co-op also alleges that the debtors converted proceeds from the co-op's collateral to their own use. The co-op characterizes the debtors' conversion of the co-op's rye, alfalfa, and hay collateral as a willful and malicious act which would preclude discharge of this debt pursuant to 11 U.S.C. § 523(a)(6). The co-op also alleges that the bank knew the debtors were using funds from the co-op to pay bank debt and pay off senior real estate lienholders, improving the bank's collateral position at the expense of the second-lien position of the co-op. The co-op asserts that it has recourse to only certain collateral and proceeds, while the bank has recourse to other funds, so the assets should be marshaled and distributed or the bank's lien should be equitably subordinated.

The bank has moved for partial summary judgment on the issue of equitable subordination.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); see, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986); Morgan v. Rabun, 128 F.3d 694, 696 (8th Cir. 1997), cert. denied, 523 U.S. 1124 (1998); Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir. 1992); St. Paul Fire & Marine Ins. Co. v. FDIC, 968 F.2d 695, 699 (8th Cir. 1992).

In ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the party opposing the motion and give that party the benefit of all reasonable inferences to be drawn from the record. Widoe v. District No. 111 Otoe County Sch., 147 F.3d 726, 728 (8th Cir. 1998); Ghane v. West, 148 F.3d 979, 981 (8th Cir. 1998). A summary judgment motion should be interpreted by the court to dispose of factually unsupported claims and defenses. Tiffey v. Speck Enter., Ltd., 418 F. Supp. 2d 1120, 1123 (S.D. Iowa 2006).

Equitable subordination of one claim in favor of another under 11 U.S.C. § 510(c) generally requires (1) some inequitable conduct by the claimant; (2) resulting in injury to other creditors or conferring an unfair advantage on the claimant; and (3) an outcome from the subordination that is not inconsistent with other provisions of the Bankruptcy Code. Bergquist v. Anderson-Greenwood Aviation Corp. (In re Bellanca Aircraft Corp.), 850 F.2d 1275, 1282 (8th Cir. 1988); Bala v. Kaler (In re Racing Servs., Inc.), 340 B.R. 73, 76 (B.A.P. 8th Cir. 2006). First, there has to be some showing of inequitable conduct. "Inequitable conduct has been regarded as a wrong or unfairness or, 'at the very least, a masquerade of something for what it is not.'" Jacoway v. Dept. of Treasury-IRS (In re Graycarr, Inc.), 330 B.R. 741, 749 (Bankr. W.D. Ark. 2005) (quoting In re Lifschultz Fast Freight, 132 F.3d 339, 344 (7th Cir. 1997)). Inequitable conduct typically falls into one of the following categories: (1) fraud, illegality, or breach of fiduciary duties; (2) undercapitalization; or (3) the creditor's use of the debtor as a mere instrumentality or alter ego. Graycarr at 749 (citing Lifschultz at 344-45).

A finding that equitable subordination is appropriate requires a factual inquiry. The principles of equitable subordination adopted in § 510 permit the court "to make exceptions to a general rule when justified by particular facts." United States v. Noland, 517 U.S. 535, 540 (1996). In the present case, factual disputes exist regarding what the bank knew and when it knew it, and to what degree the bank monitored or controlled debtor's deposits into and expenditures from certain accounts. These issues cannot be disposed of on summary judgment, and will need to be tried.

Separate order will be entered.

DATED:       July 27, 2006

                                                                            BY THE COURT:

                                                                            /s/ Timothy J. Mahoney
                                                                            Chief Judge

Notice given by the Court to:
    *Allen Fugate
    George Vinton
    Wayne Griffin
    Richard Lydick
    U.S. Trustee

Movant (*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.